IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JUERGEN MUELLER, | ) | |
| JURA FILMS NORTH AMERICA LLC, AN | ) | |
| ILLINOIS LLC, JURA-PLAST GMBH, | ) | |
| | ) | |
| *Plaintiffs,* | ) | CASE NO.: 4:11-CV-00047-JTM-PRC |
| | ) | |
| v. | ) | |
| | ) | |
| CARL A. POTSCH, JURA FILMS NORTH | ) | |
| AMERICA LLC, AN INDIANA LLC, | ) | |
| | ) | |
| *Defendants.* | ) | |

## FIRST AMENDED COMPLAINT

### I.    Parties

1.    Defendant Carl A. Potsch (hereinafter "Potsch") is a member of Jura Films Indiana holding fifty percent of membership interest.  He serves as the local registered agent of Jura Films Indiana and operates the company.  Potsch is domiciled in Indiana.

2.    Plaintiff Juergen Mueller (hereinafter "Mueller") is a member of Jura Films Indiana holding fifty percent of membership interest.  He is also the principal of Jura-Plast GmbH. Mueller is domiciled in Germany.

3.    Defendant Jura Films North America, LLC, is an Indiana Limited Liability Company (hereinafter "Jura Films Indiana").  Jura Films Indiana is located at 16115 South 450 East, Goodland, Indiana.  Mueller and Potsch are the only two members of Jura Films Indiana.

4.    Plaintiff Jura Films North America, LLC, is an Illinois Limited Liability Company (hereinafter "Jura Films Illinois").  Jura Films Illinois is located at 28 East 14th Street Lombard, Illinois 60148.  Mueller and Michael Presecky (hereinafter "Presecky") are the only two members of Jura Films Illinois.  Presecky is domiciled in Illinois.

5.    Plaintiff Jura-Plast, GmbH (hereinafter "Jura-Plast") is a company that distributed product through Jura-Films Indiana and is the primary creditor of Jura Films Indiana.  Jura-Plast

is domiciled in Germany.

**II.     Jurisdiction**

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity between the opposing parties and the amount in controversy exceeds $75,000.

**III.    Facts**

7.      Plaintiffs repeat and re-allege paragraphs 1 through 6 of this Complaint as though fully set forth herein.

8.      Since its formation in 2004, Jura Films Indiana has had sales exceeding $4,580,000 of Jura-Plast's product.

9.      Mueller submitted repeated requests to Potsch to produce profit and loss statements for 2006 through 2009.  Potsch did not produce the statements until October 2010, whereupon the parties discovered inaccuracies in Potsch's accounting of Jura Films Indiana.

10.     Plaintiffs confronted Potsch regarding a discrepancy of $125,000 between their balance sheet of Jura Films Indiana's financial status and Potsch's balance sheet.  Potsch had no explanation for this discrepancy.

11.     In November 2010, Mueller met with Potsch and informed Potsch that he was not satisfied with Potsch's operation of Jura Films Indiana.  Potsch agreed to enter into a merger agreement between Jura Films Indiana and Jura Films Illinois.

12.     In December 2010, Mueller and Michael Presecky (hereinafter "Presecky") filed Articles of Organization for Jura Films Illinois under the understanding that Jura Films Illinois would merge with Jura Films Indiana, and Jura Films Illinois would be the surviving entity.

13.     Potsch has ceased responding to communications from Mueller and Presecky.

14.     Potsch has failed and refused to sign the Articles of Merger for Jura Films Indiana to be merged with Jura Films Illinois.

15.     The Indiana Department of Revenue and the Internal Revenue Service have sent notices to Jura Films Indiana regarding its failure to pay taxes.

16.     Jura Films Indiana's checking account had a balance of $59,070.29.  Mueller transferred these funds to a trust account for the purpose of preventing Potsch from depleting the account.

17.    Jura Films Indiana has an outstanding balance of approximately $750,000 due Jura-Plast.

## IV.    Claims and Prayers for Relief

*First Claim - Accounting*

18.    Plaintiffs repeat and re-allege paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19.    It is to the best of Plaintiffs' knowledge and belief that Potsch has misappropriated approximately $125,000.

20.    Potsch has failed and refused to provide a complete accounting of Jura Films Indiana.

21.    Potsch, as the local registered agent of Jura Films Indiana, has failed to file federal and state taxes resulting in penalties.

22.    Plaintiff's require an accounting, including but not limited to production of all checks, corporate record books, tax filings, accounts receivable, accounts payable, and any information to provide Plaintiffs with a complete and accurate valuation of the financial status of Jura Films Indiana.

WHEREFORE, Plaintiffs request the Court to order Potsch to provide a full accounting of Jura Films Indiana, including but not limited to checks, corporate record books, tax filings, accounts receivable, accounts payable, and any information to provide Plaintiffs with a complete and accurate valuation of the financial status of Jura Films Indiana.   Further, Plaintiffs request to have a certified public accountant review the financial records of Potsch and Jura Films Indiana. If the accounting reveals additional funds or receivables, Plaintiffs pray that the Court order those funds be transferred to Presecky as the managing member of Jura Films Illinois.  Finally, Plaintiffs request that the Court allow for withdrawal of funds from the trust account in the amount of $59,070.29 for the operation of Jura Films Illinois.

*Second Claim - Merger*

23.    Plaintiffs repeat and re-allege paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24.    Plaintiffs have informed Potsch of the necessity of merging Jura Films Indiana into Jura Films Illinois in order to preserve tax benefits as required by the German taxing authority.

25.     Potsch verbally agreed with Mueller and Presecky that he would enter into Articles of Merger.  Potsch has since reneged on his oral agreement and has failed and refused to sign Articles of Merger.

26.     The failure of Potsch to execute Articles of Merger will have a negative economic impact on Jura films Illinois, Jura-Plast, and Mueller.


        WHEREFORE, Plaintiffs pray that the Court enter an order requiring Potsch to execute Articles of Merger.  If he refuses, Plaintiffs pray that the Court appoint a Commissioner of the Court to execute the Articles of Merger.


                        Respectfully submitted,

                        Attorneys for Plaintiffs

                        by /s/ Robert D. Epstein
                        Robert D. Epstein (Attorney No. 6726-49)
                        EPSTEIN COHEN SEIF & FLORA
                        50 S. Meridian St., Suite 505
                        Indianapolis, Indiana 46204
                        Tel:  317-639-1326
                        Fax:  317-638-9891
                        Rdepstein@aol.com


                        /s/ James E. Porter
                        James E. Porter (Attorney No. 28011-49)
                        EPSTEIN COHEN SEIF & FLORA
                        50 S. Meridian St., Suite 505
                        Indianapolis, Indiana 46204
                        Tel:  317-639-1326
                        Fax:  317-638-9891
                        JamesPorter.Law@gmail.com