UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JUERGEN MUELLER, JURA FILMS NORTH AMERICA, LLC, an Illinois LLC, and JURA-PLAST GMBH,<br>　　　Plaintiffs,<br><br>　　v.<br><br>CARL A. POTSCH,<br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) CAUSE NO.: 4:11-CV-47-JTM-PRC<br>)<br>)<br>) |

## FINDINGS, REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 636(b)(1)(B) & (C)

This matter is before the Court on a referral [DE 18], from presiding Judge James T. Moody issued on August 1, 2012, designating the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) & (C), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local rule 72-1(b) to conduct a hearing, including an evidentiary hearing, in order to submit proposed findings of fact as to the citizenship of Defendant Carl A. Potsch and a recommendation as to whether diversity jurisdiction exists in this case.

In the Second Amended Complaint, Plaintiffs assert that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The statute provides, in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> 　　(1) citizens of different States;
> 　　(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> 　　(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> 　　(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). An individual's citizenship depends on his or her domicile. *See Meyerson v. Harrahs East Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Domicile is the place one intends to remain. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). The Seventh Circuit has held that the citizenship of a limited liability company is the citizenship of each of the limited liability company's members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *see also Muscarello v. Ogle County Bd. of Comm'rs*, 610 F.3d 416, 424 (7th Cir. 2010); *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C.A. § 1332(c)(1).

The Complaint alleges that the amount in controversy exceeds $75,000, and the facts alleged in the Complaint support the alleged amount in controversy.

Pursuant to Judge Moody's August 1, 2012 Order, the Court held an in-person hearing on October 11, 2012, which Defendant Carl A. Potsch attended in person. Based upon Potsch's sworn testimony in open court, the Court makes the following findings of fact: (1) Potsch has a P.O. Box in Goodland, Indiana; (2) he resides at a street address in Goodland, Indiana, where he has resided for 6 years; (3) he has no intent to move from his residence in Goodland, Indiana; (4) he was born in the State of Illinois in the United States; (5) he is a citizen of the United States; and (6) he is not now nor has he ever been a citizen of any other country. Based on Potsch's testimony at the October 11, 2012 hearing, the Court finds that Potsch is a citizen of the United States, is domiciled in Indiana, and has no foreign citizenship. Thus, Defendant is a citizen of Indiana for purposes of diversity jurisdiction.

Plaintiffs allege that Plaintiff Juergen Mueller is domiciled in Germany. In a supplemental filing made on November 6, 2012, Plaintiffs stated that Mueller is a citizen of Germany, holds no

citizenship from any other country, has never lived in the United States, lives in Germany, has no intentions of moving from Germany, and does not own a residence in the United States. Thus, the Court finds that Mueller is domiciled in Germany and is a citizen of Germany, a foreign state, for purposes of diversity jurisdiction.

Plaintiffs allege that Jura Films North America, LLC, an Illinois Limited Liability Company, ("Jura Films Illinois") is located at 28 East 14th Street, Lombard, Illinois. The only two members of Jura Films Illinois are Mueller, who is domiciled in Germany and is a citizen of Germany, a foreign state, for purposes of diversity jurisdiction, and Michael Presecky, who is domiciled in Illinois. Thus, the Court finds that Jura Films North America, LLC is a citizen of Illinois and of Germany, a foreign state, for purposes of diversity jurisdiction.

Plaintiffs allege that Plaintiff Jura-Plast GmbH is domiciled in Germany. In the supplemental filing, Plaintiffs state that Jura-Plast GmbH is a German corporation with its principal place of business in Germany. Thus, the Court finds that Jura-Plast GmbH is a citizen of Germany for purposes of diversity jurisdiction.

Based on the foregoing, the Court **RECOMMENDS** that Judge Moody find that the Court has original jurisdiction of this civil action under 28 U.S.C. § 1332(a) because the amount in controversy exceeds the value of $75,000 and because this civil action is between citizens of different States and citizens or subjects of a foreign state are additional parties.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902,

904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 7th day of November, 2012.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record