**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION at LAFAYETTE**

| | | |
|---|---|---|
| **JUERGEN MUELLER,** | ) | |
| **JURA FILMS NORTH** | ) | |
| **AMERICA, LLC, AN ILLINOIS LLC,** | ) | |
| **JURA-PLAST GMBH,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:11 CV 47** |
| | ) | |
| **CARL A. POTSCH,** | ) | |
| **Defendant.** | ) | |

<u>**OPINION and ORDER**</u>

This matter is before the court on Magistrate Judge Paul R. Cherry's findings, report and recommendation concerning the citizenship of defendant Carl A. Potsch and the issue of whether diversity jurisdiction exists, (DE # 26); and plaintiffs' second motion for default judgment, (DE #14).

First, the report and recommendation and the jurisdictional issue. The first thing a district judge should do when a complaint is filed is check to see if subject-matter jurisdiction is properly alleged, *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986), and the court is duty-bound to resolve any jurisdictional questions even if the parties don't raise them. *Yasuda Fire & Marine Ins. v. Continental Gas Co.*, 37 F.3d 345 (7th Cir. 1994). Adhering to these principals has created a bumpy road in this case.

As Magistrate Judge Cherry found, consistent with the pleadings and previous inquiry by the court, plaintiff Juergen Mueller ("Mueller") is domiciled in Germany and is a citizen thereof. Plaintiff Jura Films North America, LLC, has two members, Mueller

and Michael Presecky. Presecky is domiciled in, and a citizen of, Illinois. Jura Films North America, LLC, therefore is a citizen of both Germany and Illinois. Plaintiff Jura-Plast GmbH is a German business entity domiciled in Germany and presumably a German citizen.[1] The trouble starts, and now hopefully ends, with the way the citizenship of defendant Carl Potsch was pleaded.

The second amended complaint (DE # 10) pleads only that Potsch is an Indiana domiciliary. Even were he not a citizen of the United States, that domicile makes him an Indiana citizen for diversity purposes. But this does not rule out the possibility that Potsch might be a foreign citizen, or a U.S. citizen but with dual citizenship, and then diversity would not exist because every party would have a foreign citizenship. *See Intec USA, LLC v. Engle*, 467 F.3d 1038, 1043 (7th Cir. 2006). This is the reason the case was referred to Magistrate Judge Cherry for an evidentiary hearing to determine Potsch's citizenship(s).

---

[1] "GmbH" is an abbreviation for a German business entity that is a type of limited liability company. The complaint pleads that Mueller is the "principal" of Jura-Plast GmbH, but does not state that he is its sole member. The court has not been able to find any case stating that a GmbH should be treated like an LLC for diversity purposes; that is, that the citizenship of each member must be considered. Instead, courts have proceeded on the assumption that a GmbH is a corporation. *See, e.g., Quantum Color Graphics, LLC v. Fan Association Event Photo GmbH*, 185 F. Supp.2d 897, 900 (N.D. Ill. 2002) ("Quantum Color Graphics, LLC ("Quantum") sues The Fan Association Event Photo GmbH ("GmbH") and Fans United AG, both German corporations"); *see also Panalpina Welttransport GmBh v. Geosource, Inc.*, 764 F.2d 352, 354 (5th Cir. 1985) (Panalpina Welttransport GmbH assumed to be West German corporation for diversity purposes). This court is not aware of any authority supporting this assumption. Plaintiffs may want to consider ensuring that any judgment rendered in this case is not later attacked on jurisdictional grounds by filing an affidavit identifying the members of Jura-Plast GmbH and their citizenships.

Although Potsch has defaulted, he attended the evidentiary hearing conducted by Judge Cherry and gave sworn testimony.  (DE # 26 at 2.) Magistrate Judge Cherry found that Potsch is (and was when this action was commenced) a citizen of the United States, only, domiciled in Indiana, and so an Indiana citizen, only, for diversity jurisdiction purposes. (*Id*.) Judge Cherry recommended that the court find that diversity jurisdiction exists. (*Id*. at 3.) No objections have been filed to Magistrate Judge Cherry's report and recommendation. Therefore, the court adopts his factual findings as the factual findings of the court, adopts his recommendation, and so finds that diversity jurisdiction exists, with the caveat expressed above at n. 1.

Turning to the merits of plaintiffs' request for a default judgment, the facts which are established by the admitted allegations of the second amended complaint and material submitted in support of the request for a default judgment, are these. In addition to his membership in plaintiff Jura Films North America, LLC, plaintiff Mueller is also a 50% member of an Indiana LLC, which for simplicity can simply be called "Jura-Indiana" herein. Jura-Indiana has one other member, none other than defendant Carl Potsch. Jura-Indiana's business consists of distributing industrial film products manufactured in Germany by plaintiff Jura-Plast GmbH. Potsch was the local person responsible for managing and operating Jura-Indiana. Mueller became unhappy with Potsch's management (in Mueller's view, mismanagement) after discovering financial irregularities, and suspected that Potsch had committed financial improprieties.

Mueller then formed a new entity in Illinois, plaintiff Jura Films North America LLC (hereinafter, "Jura-Illinois"). Potsch is not a member of Jura-Illinois. Mueller's plan—which is alleged to have important tax consequences—was to merge Jura-Indiana into Jura-Illinois. Jura-Illinois would be the surviving entity, and Jura-Indiana would cease to exist.

Mueller had informed Potsch of his dissatisfaction with Potsch's operation of Jura-Indiana, and Potsch accepted Mueller's plan, agreeing that he would enter into articles of merger. However, Potsch then ceased communicating with Mueller and refused to go through with the plans by signing merger documents. As a result, Mueller, Jura-Plast GmbH and Jura-Illinois brought the present action seeking injunctive relief[2] in the form of an accounting, an order transferring certain funds of Jura-Indiana (including some currently held in a trust account) to Jura-Illinois for its operation, and an order requiring Potsch to sign articles of merger.

Although Potsch defaulted, things have not gone smoothly. First, after plaintiffs initially moved for a default judgment, the court questioned whether diversity jurisdiction existed. Plaintiffs solved that problem by filing the second amended complaint, dropping the potentially non-diverse defendant and adding additional allegations against Potsch. The court then denied the motion for a default judgment as moot, since the second amended complaint had not been served on Potsch. The court

---

[2] In previous orders the court has stated that the complaint seeks both damages and injunctive relief. Reading it closely, however, it requests injunctive relief only.

4

also noted that under applicable precedent, *see e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007), a motion for default judgment, without more, is unlikely to justify mandatory injunctive relief. Despite that warning, after Potsch was served with the second amended complaint and defaulted a second time, plaintiffs simply moved for a default judgment again, which is the matter now before the court.

Undoubtedly, plaintiffs must find the present circumstances frustrating. So does the court, given that it brought *e360 Insight* to plaintiffs' attention, and they have not addressed it. The court is aware that authority exists suggesting that damages are not an adequate substitute for breach of an agreement to sell or merge a company. *See Medcom Holding Co. v. Baxter Travenol Laboratories, Inc.*, 984 F.2d 223 (7th Cir. 1993); *see also Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 162 (3rd Cir. 1999) (collecting cases). The court is also aware that *e360 Insight* hints that in a default situation, where the facts of the complaint are taken as true, those facts possibly could justify injunctive relief. *e360 Insight*, 500 F.3d at 605.

The preceding paragraph is the kernel of the argument that plaintiffs should have made, rather than the court having done the research and thinking. At the present time, a final judgment by default for all of the equitable relief requested is not possible because the precise identity and amount of funds to be transferred is not known. More troubling, the terms of the merger which Potsch agreed to are unknown. In fact, if no articles of merger were ever drafted and agreed to by Potsch, it may be impossible to grant the injunctive relief plaintiffs request. The court cannot order Potsch to agree to

5

terms that he never negotiated and accepted in the first place. The articles of organization of Jura-Indiana, and its operating agreement, may be relevant to this question, but those documents are not presently before the court.

At this time the court is prepared to do no more than grant preliminary injunctive relief in the form of an order requiring Potsch to make the books and records of Jura-Indiana available for an accounting; and permit withdrawal, from the trust account established by Mueller to preserve Jura-Indiana's funds, the sum of $59,070.29 plus any interest accrued.  The court **ORDERS** plaintiffs to submit a draft order for this preliminary relief, for the court's consideration, within ten days. After an accounting is conducted plaintiffs may then use the information gleaned to prepare for a hearing, or summary proceeding, in which they will be required to prove the scope, if any, of the permanent injunctive relief to which they believe they are entitled. At present, the motion seeking a default judgment (DE # 14) is **DENIED**, without prejudice to renewal after the accounting to be ordered is conducted.

**SO ORDERED.**

Date: March 28, 2012

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT